12-3319-cv
*Rozenfeld v. Dep't of Design and Construction*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand thirteen.

PRESENT:
> **JON O. NEWMAN,**
> **AMALYA L. KEARSE,**
> **DEBRA ANN LIVINGSTON,**
> *Circuit Judges.*

-------------------------------------

Paul Rozenfeld,

*Plaintiff-Appellants*,

v.                                              12-3319-cv

Dep't of Design and Construction
of the City of New York, *et al.*,

*Defendants-Appellees.*

-------------------------------------

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Paul Rozenfeld, *pro se*, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Deborah A. Brenner, Assistant Corporation Counsel, New York City Law Department, New York, NY. |

Appeal from a judgment and order of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Paul Rozenfeld, *pro se*, appeals from the district court's grant of summary judgment to the defendants, dismissing his complaint alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1983, the New York State Human Rights Law ("SHRL"), and the New York City Human Rights Law ("CHRL"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

As an initial matter, Rozenfeld has abandoned his challenge to the district court's denial of his motion for reconsideration by not raising arguments concerning it. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (deeming claims not raised on appeal by *pro se* litigant to be abandoned). Thus, we decline to consider it.

The district court properly granted summary judgment in favor of the defendants. The district court correctly held that Rozenfeld's claims pursuant to Title VII, § 1983, the SHRL, and

the CHRL failed because he signed the stipulation waiving these rights knowingly and voluntarily, and that his claims brought under the ADEA failed on the merits.

We have considered all of Rozenfeld's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk